COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:       Jourdan Flowers v. The State of Texas

Appellate case number:     01-16-00740-CR

Trial court case number:   1503097

Trial court:               185th District Court of Harris County

Without an agreed recommendation as to punishment, appellant, Jourdan Flowers, pleaded guilty to the felony offense of aggravated robbery with a deadly weapon. The trial court found appellant guilty and assessed his punishment at confinement for eight years, Appellant timely filed a pro se notice of appeal.

The Clerk of the Court has examined the clerk's record in this appeal and found that it does not comport with the Texas Rules of Appellate Procedure because the certification of appellant's right to appeal is defective. *See* TEX. R. APP. P. 25.2(d), 37.1. The certification states that this "is a plea-bargain case, and the defendant has NO right of appeal." However, the record contradicts the certification. *See id.* 25.2(a)(2) (stating plea-bargain case is "case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant"). This order constitutes notice to all parties of the defective certification. *See id.* 37.1.

The Texas Rules of Appellate Procedure require us to dismiss an appeal unless the record contains a written certification showing that the appellant has the right of appeal. *See id.* 25.2(d). The rules also permit amendment of a defective certification and prohibit us from dismissing an appeal based on the lack of a valid certification when we determine that an appellant has a right of appeal. *See id.* 25.2(f), 34.5(c)(2), 37.1, 44.4; *see also Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

We therefore abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel,

James Tucker Graves,[1] shall be present. Appellant shall also be present for the hearing in person or, if incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.[2]

We direct the trial court, in each case, to:

1) determine whether appellant still wishes to pursue his appeal;
2) if appellant wishes to pursue this appeal, determine whether appointed counsel, Tucker Graves, intends to represent appellant on appeal or whether counsel should be permitted to withdraw;
3) if counsel is permitted to withdraw, sign a written order granting his request to withdraw and appoint substitute counsel at no expense to appellant;
4) execute a certification of appellant's right to appeal indicating whether or not he has the right of appeal;
5) make any other findings and recommendations the trial court deems appropriate; and
6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1) (Vernon Supp. 2016) (providing indigent defendant has right to appointed counsel); TEX. R. APP. P. 25.2(d) (providing record must include the trial court's certification of defendant's right to appeal).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the certification of defendant's right of appeal, any trial court orders, and any findings or recommendations with this Court within 30 days of the date of this order. The court reporter is directed to file the reporter's record of the hearing within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records

---

[1] Although appellant filed a pro se notice of appeal, the record filed in this Court does not include appointed trial counsel's motion to withdraw or an order permitting counsel to withdraw. Appointed counsel continues to represent appellant because counsel has not been discharged by the trial court and the appeal has not been exhausted. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2015).

[2] On his request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: /s/ Terry Jennings

☒ Acting individually ☐ Acting for the Court

Date: October 27, 2016